and so for this for the students here comes our last case council can approach now for the last case it involves side shows up in the Bay Area you guys may have seen those you don't need to say if you've been to one or not but anyway this case I think is you know some of the cases we've had have been kind of technical this is the case you're going to be able to follow pretty easily and it's a very interesting constitutional case so you know sometimes it can be tough in the audience we haven't read the briefs but this one you don't really need to have read the briefs to understand what the lawyers are talking about in this case all right and with that one second council and counseling may proceed thank you it may please the court David Lloyd representing Jose Garcia I would like to reserve at least three minutes for very well this case is about the free speech right to record and report on events of public concern in a public forum my client wants to stand in a public forum to document and record a sideshow an event of public concern in that forum and then publishes reporting about those events under project Veritas to create a recording for news gathering as my client intends to do is speech protected by the First Amendment and that's exactly what's at issue here this appeal on this preliminary injunction only challenges the ordinance as applied to the creation of that protected speech we are not asking the court to explore the outer limits of all potential applications of the ordinance as applied to my client's protected speech this ordinance is subject to the First Element of creating protected speech in a public forum if we agreed with you that your client's observation of sideshows is protected speech I'm wondering where you would draw the line could your client I don't know pursue a police chase in order to report on it could he do I mean what what's the limiting principle to his right to observation in your in your view so to be clear you are the right is to observe for the purposes of recording and reporting and on these facts I'm only asserting the right to stand in the public forum and record events I'm not claiming a right to for example drive recklessly so but are you saying that following up on Judge Thomas's question that for the right that you are asserting it makes no difference how dangerous the event that you want to observe is as long as it's in a public forum you get to do it no matter how dangerous it is well the ordinance is subject to the First Amendment your question your honor if I if I may suggest goes to whether it survives First Amendment scrutiny and I can address that no but it sounds like from your argument you are arguing that your client has a First Amendment right to in a public forum observe any event in which the public would have an interest in irrespective of its dangerousness he has a right to observe and record and document as a reporter or concerned member of the public in some circumstances the government can limit free speech rights in a public forum under if it's content neutral if it survives intermediate scrutiny if it's content-based they must survive strict scrutiny I'm only talking about the threshold issue is this a First Amendment case at all and if it's protected speech in a public forum it is a First Amendment case and then we get to is it content-based and does it survive so it's First Amendment in your view irrespective of the dangerousness that's correct oh if this were for example somebody there with a bomb that might go off on a sidewalk and the police said everybody has to clear out right now and your client was there I'm there to observe it for First Amendment purposes that his right to observe a bomb that might go off would be judged by First Amendment standards that that he that's that's still a First Amendment question not a police power question for example yes the police power is subject to the First Amendment in a public forum but in that case your honor if it were genuinely content-neutral genuinely an emergency and applied to everyone and no one could go inside that perimeter for any reason which is not this case because this case is content-based which I can get to but if it were genuinely content-neutral that's the kind of ruling a kind of rule or direction that might would probably if challenged in court easily survive but we still in your view even in that circumstance a bomb in the middle of the street we still have to start with a First Amendment analysis if that were challenged at that case for before the court yes the First Amendment would apply to any buffer zone in a public forum the buffer zone might well survive First Amendment review and in your case your honor I submit a probably very easy case on the merits but it's still in principle a First Amendment issue because as if I may to record is to observe to observe is to be present with the purpose to observe and therefore to be present with purpose to observe an event is an essential element of creating protected speech about that event and this ordinance essentially chokes off that free speech right to record at its root by punishing an essential element of creating protected speech as we explain in the brief it punishes reporters who are creating first-hand journalism about side shows it would punish a member of the public who wants to record a side show to protest or report it to law enforcement the county makes a big deal of saying spectators are integral to side shows and we can therefore punish someone simply for being present with a purpose to observe and therefore record but the First Amendment prohibits imputing criminal liability to people who merely exercise their free speech right to record and report on unlawful acts committed in public so with would this apply to a cockfighting statute that was applicable everywhere not just in on private property that you couldn't you can't attend a cockfight wherever it is that would that would also be impermissible so two points your honor if it's in a public forum the First Amendment is in play under McClellan and related law it's always a first-minute issue if we're talking about a law that impacts speech in a public forum then we ask is it content neutral or content based if it were content neutral and simply said no one may come within X feet of a cockfight for any purpose we would evaluate that under intermediate scrutiny but if it said you may not approach for the purpose of observing and recording that event specifically then it's content-based and has to meet strict scrutiny if it's applied in a public forum as a practical matter as I understand the cases on illegal animal fights and other illegal events such as illegal boxing they're all about events held underground and in secret and we're not advocating a free speech right to get onto private property to attend an underground event held in secret if again it's purely a content neutral restriction but if it is applied in a public forum then yes we do have a First Amendment issue and we then get to is it content based or content neutral but the government cannot just legislate free rights out of existence and do an end run around the First Amendment just by declaring that an essential element of protected speech is itself a crime in a public forum this case is as applied to this case the ordinance does impose a content-based restriction on speech in a public forum by its tax as the county effectively admits the ordinance makes it a crime to be within the 200 feet and face the sideshow to observe and therefore report it but not to be in the same time and place and turn your back and record something else at the same time and place that is the very definition of restricting speech based on its substantive content based on substantive subject matter this is not a case like city of Austin where we have on-premise off-premise signs the same sign vote for Jane Doe buy my product it's the same sign in city of Austin and that was not a content-based restriction because the law applied equally to the same substantive content this case by necessary operation of the text of the ordinance discriminates based on the content of the recording you have to you have to view the substantive subject matter of the recording is it a recording the sideshow made with a purpose to observe the sideshow then it's a violation if it's recording of something else facing away from the sideshow at the same time and place it's not a violation that is a content-based restriction as applied to the facts of this case and a content-based rule a content-based prohibition remains content-based even if it only applies to one form of speech such as recording even if it allows other kinds of speech the same time in place and I've addressed those cases my brief not least of which is Berger against City of Seattle in this court on bonk 10 or 15 years ago as applied to the speech in this case the ordinance is likely to fail strict scrutiny because it is not the least restrictive means to serve any valid compelling interest if the county's interest is in preventing and punishing criminal conduct in the sideshows themselves you know that cannot justify punishing the press and public for creating speech about the sideshows so in in your view the county would have a better argument if the ordinance simply said it is a violation for any person to knowingly be within 200 feet of a sideshow they would have a better argument that would be much more like being content-neutral we would still address that on remand if they amend the ordinance you know intermediate scrutiny but I'd have a better shot with a more restrictive well that would make it content-neutral yes your honor and content-neutral also are always preferred to content-based all else being equal because the First Amendment prohibits content-based discrimination above all else precisely because of the inherent risk of censorship in a content-based law content-neutral laws don't present that same risk do they have the right to take into account other constitutional problems that are completely in your view content-neutral law would pose like for example just anyone being within 200 feet might create a due process problem because somebody might not know what a sideshow is and might not know why they're there do they have the right to take that into account in drafting their statute to to address other potential constitutional challenges like void for like like for example again due process I understand your honor I believe the knowledge element addresses that due process question if the statute prohibited knowingly being present right what it would so they could so that they could that would not make it in your view not content-neutral that you had to have knowledge that it was a sideshow to be punished I'm not sure that the knowledge element alone makes it content-based what makes this ordinance content-based is not the knowledge element but the specific intent element with the purpose to observe the side I asked a bad I asked a bad question so if it were just simply knowledge then you would not argue that made it not content-neutral if it was knowledge alone no person shall be within a hundred feet of a sideshow or two or a few sideshow knowing that there's a sideshow there that's a lot closer to being content-neutral I would like to reflect on that a bit more I don't I don't wanna make a permanent binding session but but I will accept that that's much closer to being content-neutral and the county would have a better argument in that event I'm not saying it would be constitutional under intermediate scrutiny that would require much fuller record on remand but I agree the county would be in a stronger position than trying to defend a content-based law under strict scrutiny you want to reserve we'll walk you to three minutes yes please okay so we give them three minutes for both thank you I'm man shall I reserve my remaining time or shall I continue at this moment well you only have three minutes left okay but I will reserve my three that's why yeah I want to keep you to what you want to do thank you may it please the court Aaron Stanton on behalf of the county of Alameda may it the court the district court correctly denied the preliminary injunction in this case for two reasons first the ordinance targets non-expressive conduct joining the audience for a sideshow the ordinance applies regardless of whether an individual speaks or intends to create speech and it is thus a generally applicable ordinance that is not subject to First Amendment scrutiny even if it incidentally affects speech how would a journalist record a sideshow without being able to observe the sideshow well so your honor I think the the question in this ordinance comes at a step further the ordinance is not targeting the act of recording it's targeting someone's presence for the purpose of observing and that is not an expressive activity well but it's a it's a predicate I think to recording for a journalist I just that's why I asked the I don't understand how a journalist can record a sideshow without observing it and recording I think is a First Amendment protected activity well so I certainly I agree that recording is a protected First Amendment activity but I think the distinction here is that the ordinance applies to everyone regardless of whether or not they are recording or not and that's what makes it generally applicable and I think this goes to the question that your honor asked earlier about a reporter who wanted to for example cover a high-speed chase the ordinance here is similar to a regulation that would prohibit speeding even if it were challenged by a reporter who wanted to cover that high-speed chase the ordinance wouldn't be subject to the First Amendment because it doesn't target the expressive element of the reporters conduct in fact it doesn't target expressive conduct at all so observation in your view is just not that's not an expressive conduct the observation yes your honor observation is not expressive one can engage in observation for example just being present at a sporting event in a way that is not at all expressive the council here's where I am sort of at sea with this ordinance and looking for example at page 36 of your brief individuals who did not seek out the sideshow to watch it may record it take notes on it interview spectators or observe it freely so somebody who goes there with the intent to watch it they're violating the statute somebody who goes there initially with the intent to sell Girl Scout cookies and then decides they don't want to sell Girl Scout cookies now they want to watch it is not covered by the ordinance that's what you say at page 30 how does that make any sense well so your honor though the way that I would would frame it is somebody who goes to the so the text of the ordinance is somebody who is knowingly present for the purpose of observing a sideshow as it progresses that for the purpose I think is doing a lot of the here someone has to have the purpose of being present for the purpose of observing the sideshow right but you're saying it's your brief here at page 30 that if you went there for some other purpose you didn't know there was going to be a sideshow but then when you get there you see a sideshow you can do anything you want but the the journalist plaintiff here who goes there for the purpose of observing but is doing the exact same thing as the person in my hypothetical one of them can do it the other ones violating the ordinance so your honor to take up the terms of your hypothetical exactly someone who went to sell Girl Scout cookies a sideshow happens in front of them if they continue to sell Girl Scout cookies and while they are selling Girl Scout cookies incidentally observed the sideshow if they're selling Girl Scout cookies and they continue to sell Girl Scout cookies while the sideshow is happening I would say even if they take notes and no there's a license plate there I'm jotting it down so I can report it to police later I just how does that make any any sense what's the what's the difference I don't I don't I don't I just really don't understand what the difference is between someone who's sitting at a table okay with Girl Scout cookies in front of them watching the sideshow taking notes on it and enjoying it maybe and someone who's there as a reporter standing right next to the Girl Scout cookie table who's the same the same thing I well I think I'm sorry no no go ahead so again I think it points to the again the reason for presence if the Girl Scout cookie seller is present for the purpose of selling Girl Scout cookies they're not present for the purpose of observing the sideshow but again one thing that I think is important here is even if the Girl Scout cookie seller who looked up and happens to observe the side so even if that person were to be subject to the ordinance and guilty of a violation of the ordinance it wouldn't be because of any expressive conduct that they are undertaking it would be because they were present with the purpose of observing the sideshow not because they intended to speak about the sideshow if they started taking notes that wouldn't be the thing that draws the legal remedy so so counsel you're familiar with the Wasden case yes okay and you know I've I've recently written about the Wasden case in an opinion that was joined by no one and so Wasden is extremely broad it is binding in the Ninth Circuit we recently had an in-bank case where we discussed these issues but Wasden is extremely broad and it's it's binding on us right yes yes so I'd like to hear your explanation as to why Wasden doesn't compel us to accept your friend's argument here sure your honor so Wasden focuses on and concludes that the act of recording is an act of speech creation because the recording itself is similar to a painting or a book you know that I'm sorry the same way that you write a book when you create a recording you're creating expression so in my understanding holds Wasden the difference between that ordinance or the law in Wasden and this one is that the act of being present for observing is not itself an act of speech creation it's being present for the purpose of joining the audience for an illegal event and it the ordinance again applies regardless of whether that person who is there to observe the sideshow intends to create speech in the future but you could cut off all expressive activity just by prohibiting people from observing it under your your argument I mean you could say that it's fine to record a play but you can't observe you can't observe a play and then the Wasden the Wasden decision has no has no meaning anymore so I mean I don't I don't see how how we could possibly conclude that a necessary predicate to a First Amendment protected activity is not also protected by the First Amendment I guess that's what I'm trying to kind of get you to a dress here yeah so your honor I will try to address it I think the difference in the you've posed is that a play for example involves expressive activity here there is no claim that a sideshow is expressive and that observation of a sideshow is observation of an expressive activity plaintiff has raised in their briefs the idea of ordinances that prohibit presence for the purpose of observing a protest or presence for the purpose of observing a police activity this isn't that this ordinance doesn't do observation of an expressive activity and again I think that's the important distinction if you look at the language of the test in our Cara First Amendment scrutiny applies only where it was conduct with a significant expressive element that drew the legal remedy in the first place or where an ordinance based on non-expressive activity has the inevitable effect of singling out those engaged in expressive activity and I think neither of those conditions is present here because not only is observation itself not an expressive activity and that it can be engaged in by people who are intending to create speech and people who are not intending to create speech but also the the activity that the ordinance is focused on doesn't have the effect of singling out people because they are engaged in expressive activity because observation of a sideshow is not observation of an expressive event so the city then could prohibit journalists from observing and therefore recording anything that isn't express I mean so a journalist couldn't I don't know brutality yeah like George Floyd they would be illegal to record the death of George Floyd well so I there's a difference between ordinances in the case law that are focused on suppressing observation for the purpose of preventing speech and that I think is that the key factor in the police conduct cases where courts have recognized that there is a right to observe police in order to later speak about police the idea is there the observation in those cases where we're talking about observation of police conduct is we have to avoid the situation in which the state uses its power to prevent observation in order to prevent criticism and speech but again that's not the situation in this ordinance this ordinance is more similar to a law that prevents or has the effect excuse me has the incidental effect of preventing speech about in this case it would be police in the hypothetical because of an interference with police activity the cases including Jordan versus Adams County fields versus City of Philadelphia all acknowledge that that sort of rule would not be subject to First Amendment scrutiny because it involves generally applicable conduct interference with police activity and is not related to suppression of expression let me just ask you because me I I grew up in the Bay Area I used to live in Oakland and part of the reason why people attend these sideshows this is they're so the very reason the ordinance exists because people are so frustrated with these sideshows because they go on and there's been criticism of the police that they don't do anything about it so part of the reason why people attend these sideshows is to record them to go to the board of supervisors and say do something about this which is part of the reason why this thing was passed in the first place so if the reason why I'm attending is to record it to show police inactivity because I'm upset that my neighborhood's been turned into this that would be illegal under the statute correct yes if you were standing within 200 feet right so how is that any different than if it's oh if it's constitutional if I'm allowed to record police activity then why wouldn't I be to record police inactivity well so I'm having a little trouble answering the question but I think you said the case law says I'm allowed to record police activity because you're out there you want to be able to shine a light on what the police are doing I want to go to a sideshow because I want to show the police aren't doing anything and I'm frustrated that this is going on so that's why I'm recording this I do because here's the thing there are all kinds of things the police can do about a sideshow it's very tricky I know that having least to live in Oakland I know the problems there but they can arrest the people driving the cars they can arrest the people with the guns and sometimes that doesn't happen and people get very upset and that's why these are less why these things are recorded so if I have a right to record the police doing something don't I also have the right to record the police sitting 500 feet away and not doing something well certainly you have a right to record the police sitting 500 feet away not doing anything because then you're recording the police but but they're right I mean that part of it is you record them not do anything and you record the sideshow and all the stuff going on and say why aren't those cops doing anything well so again I think the reason why the county adopted this ordinance to prohibit being present for the purpose of observing a sideshow which again would include the person who goes to film the sideshow for the purpose of showing that police aren't responding that person has put themselves in danger of being hit by a speeding car and they are more likely to stay there they're in greater danger because of their presence for that purpose but they're the reason why the ordinance regulates their conduct is not because they are intending to speak about police it's because they are in a place of danger and they're more likely to remain there because of their person why but then then why why the Girl Scout I don't understand if the kids are sitting there at the table selling cookies they look up they see a show their parents can see the sideshow they remain there aren't aren't they also in danger oh I mean why don't they why can they stay and the journalist has to has to has to leave it just the counts are judgment so go ahead answer the question look at the judgment the county made the determination that a person who is present for the purpose of observing a sideshow within 200 feet is it creates increased risks of harm to themselves because they are more likely to remain than for example the Girl Scout who is hopefully more likely to pull away and also they are more likely to create the dangers to others associated with sideshows including perpetuating the sideshow itself which sideshows exist for an audience and the presence of spectators is something that encourages the sideshow to continue I guess why doesn't the why doesn't the ordinance address the situation of someone whose intent as in the Girl Scout hypothetical and we could use someone else whose intent has changed as they're there if someone it doesn't punish someone who's just wandering by and incidentally sees the sideshow that's correct but if that person then stops and starts recording or making notes it still doesn't punish them but why why may I okay thank you so your honor it's taking the example of someone who is sitting at a bus stop waiting for a bus when a sideshow occurs in front of them if they continue to sit stay at the bus station and the sideshow happens and they incidentally observe it and then they get on the bus I believe they wouldn't be liable under the ordinance if they were to leave their spot at the bus station walk into the front row of spectators then I think you'd have a bus pass by and if they let their bus pass by I think you'd also have another example where the the reason for their presence has changed the purpose they would be there then not for the purpose of waiting for the bus any longer but for the purpose of observing the sideshow but I think if I may just finish the answer to your question even if the person who is sitting at the bus stop who incidentally looks up at the bus at the sideshow and and and has under the hypothetical the purpose of observing even if that were the case again the ordinance still would not conduct target any conduct of theirs related to the creation of speech it would target them because of the presence and the reason for that presence that they then have the presence to observe not because they have the purpose of recording or speaking about the sideshow so in the county's view does the dangerousness of the activity it all inform whether the actions that are being punished are subject to a First Amendment analysis in other words is your argument would your argument be the same it's not expressive activity irrespective of how dangerous the activity was you well I think in just taking this case on on the facts I think it's hard to get away from the fact that this is an inherently dangerous activity and and the fact that there is such a clear public safety purpose for the ordinance that has nothing to do with expression makes this an easier case all right thank record events in public does not depend on whether those events are themselves expressive this ordinance does directly impact the protected speech of recording and it is covered by that footnote in our car this ordinance directly impacts an essential element of creating protected speech and that protected speech can be recording anything from police brutality to a sideshow to a water main break to a fuel spill etc if an activity is dangerous the public has an especially compelling interest in the free flow of information and reporting about it that's why it's a matter of public concern can there be potentially a content neutral rule for safety potentially yes this ordinance however is not remotely tailored to any interest in safety because it only punishes the person with the purpose to observe and therefore record and document the sideshow not the person who's there for some other reason even though both are at virtually identical risk ordinance is also over inclusive as to safety because it punishes someone within 200 feet but recording from say inside a building where they are at much less risk so this is not remotely tailored to the interest in protecting safety under strict scrutiny potentially not even intermediate but certainly not under strict scrutiny and the First Amendment does not require the government to have the purpose to silence protected speech that may be sufficient first First Amendment violation but it is not necessary specific intent to silence speech is not an element of a First Amendment claim under readings against Hannah Gilbert the government can have the most benevolent purpose in the world a content-based restriction on speech is still a violation of the First Amendment regardless of intent the direct operation of this ordinance is to punish an essential element of creating speech in a public forum I am NOT asserting a right to commit reckless driving or speeding those are independent criminal violations I'm simply asserting the First Amendment right to stand on a sidewalk and record events of public concern in a public forum the county has not remotely met the First Amendment standard for suppressing that speech again as applied to the facts of this case this is an as applied challenge on a preliminary injunction I'm not asking the court to test all of the outer limits of potential applications the ordinance also applies to off-street parking facilities not necessarily a public forum I'm not addressing that I'm not talking about someone who is there merely to observe and nothing more on the facts of this case my client is observing with the purpose to record and document for the purpose of publishing journalism that is protected speech on those facts this ordinance is likely invalid and unconstitutional on the merits because free speech violations are always irreparable harm balance of equities always favors free speech I ask the court to reverse and remand with directions to enter the injunction in my client's favor all right thank you very much counsel thank you both of you for your briefing argument very interesting case I hope the students found this last one worth waiting for very interesting issues in this case we're going to step back and go to conference here in a moment for the students who are here our law clerks are going to come up and talk to you and answer any questions you may have just so you understand you cannot ask here's a here's a content-based restriction you cannot ask questions about the cases you heard today okay and then there's something not going to answer any questions about those cases but you want to talk to them about what they do in their job and how they got their job and what it's like all that is totally fair game okay so thank you very much this particular panel is adjourned for the week thank you all rise
judges: OWENS, BENNETT, THOMAS